UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MARCO ANTONIO B.R.,[1]

Petitioner,

v.

WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-00810-TLN-CSK

(A# 061-488-365)

**ORDER**

This matter is before the Court on Petitioner Marco B.R.'s Motion to Enforce Judgment. (ECF No. 25.) For the reasons set forth below, the Court GRANTS the motion.

///

///

///

///

///

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

The Court need not recite the full factual and procedural background herein, as it is set forth fully in the Court's April 22, 2026 and June 8, 2026 Orders. (ECF No. 7 at 1; ECF No. 16; ECF No. 22.) In the June 8, 2026 Order, the Court directed Respondent to hold "a bond hearing before a neutral fact-finder at which Respondent bears the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk . . . ." and to "adher[e] to all constitutional requirements as interpreted by the Ninth Circuit and this Court." (ECF No. 22 at 9.) This hearing took place on June 11, 2026. (ECF No. 24.) Petitioner filed the instant Motion to Enforce Judgment on June 30, 2026, arguing that the hearing did not comply with the Court's Order. (ECF No. 25.) Respondent did not file a reply within 14 days. Accordingly, the motion is unopposed. E.D. Cal. L.R. 230(c).

## II. Standard of Law

Federal courts have inherent authority to enforce their own orders, including those granting injunctive relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)). If petitioner has received all relief required by the court's prior judgment, the motion to enforce should be denied. *Heartland Hosp.*, 328 F. Supp. 2d at 11. But if petitioner demonstrates that respondent "has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment," the motion shall be granted. *Id.* To prevail on a motion to enforce an injunction, "[t]he moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a 'specific and definite order of the court.'" *Kia Am., Inc. v. Rally Auto Grp., Inc.*, No. 8:22-CV-00109-JVS-JDE, 2022 WL 17185011, at *2 (C.D. Cal. Oct. 20, 2022) (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999)).

As constitutional challenges to immigration judge ("IJ") detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). However, "due process claims and questions of law raised in immigration proceedings" are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)).

## III. Analysis

Petitioner argues the immigration court bond hearing was fundamentally unfair and did not comply with due process because: (1) the IJ did not offer a reasoned explanation of his decision; (2) the IJ exhibited bias; (3) the IJ applied an incorrect legal standard; and (4) the IJ refused to consider relevant evidence. (ECF No. 21 at 8–16.)

Review of a transcript of the bond hearing establishes the proceedings did not comport with basic principles of due process. Before allowing Petitioner's counsel to present any evidence or argument the IJ stated: "All right, this guy is not getting out. This guy is not getting out on a bond. Period." (ECF No. 25-3 at 1.) Indeed, this was the first substantive statement the IJ made on the record.[2] The IJ went on to ask: "Listen, do you have a daughter? I do. This is not happening. This guy is not getting out on a bond." (*Id.* at 2.) Towards the end of the hearing, the IJ stated, unequivocally: "I am specifically finding that just by virtue of acknowledging the conviction for this offense, the government has met its burden of convincing me that he would be

---

[2] The only discussion that appears in the transcript before this is a brief colloquy between Petitioner's counsel, the IJ, and the court clerk regarding housekeeping and administrative matters, including the IJ reviewing Petitioner's criminal history. (ECF No. 25-3 at 1.)

a danger. You can't change my mind on this, I'm sorry." (*Id.* at 6.) The IJ's written ruling states, in its entirety, that bond was "[d]enied, because [d]anger. Sentenced to 12 years for a very serious sexual abuse crime." (ECF No. 25-2 at 1.)

A criminal conviction alone is insufficient to support a finding of dangerousness. *Singh v. Holder*, 638 F.3d 1196, 1206 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281, 138 (2018) (*citing In re Guerra*, 24 I. & N. Dec. 37 (BIA 2006)). Due process "require[s] individualized bond hearings to ensure that 'the government's purported interest' in securing the [noncitizen's] presence at removal and protecting the community from danger 'is actually served by detention in [t]his case.'" *Id.* (quoting *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008)). That analysis requires meaningful review of the factors articulated in *Guerra*: fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024) (*citing Guerra*, 24 I. & N. Dec. at 40).

The immigration court received a copy of an evidence packet[3] submitted by Petitioner's counsel which detailed his efforts at rehabilitation and the restrictions he would be subject to under the terms of his parole. (ECF No. 25-3 at 4–5.) The IJ heard Petitioner read from a declaration which similarly described these efforts and restrictions. (*Id.*) But it is plainly evident from the IJ's statements quoted above that, although he took into account Petitioner's criminal conviction, he did not consider the evidence packet or Petitioner's declaration, or, indeed, any of the *Guerra* factors other than Petitioner's criminal record. Further, even with respect to that limited analysis, the IJ erred by making no specific findings regarding the recency or extensiveness of Petitioner's criminal activity.

---

[3] This packet contained Petitioner's "institutional records and certificates of completion from various rehabilitative, educational and vocational programs during his incarceration" including the conditions of parole he was subject to, commendations from program supervisors, and records of his educational achievements. (ECF No. 25 at 15-16; ECF No. 25-4; ECF No. 25-5.)

Given the seriousness of Petitioner's criminal conviction for a violation of California Penal Code § 288.5(a), continuous sexual abuse of a minor, it is certainly possible that in this case the criminal history factor outweighed any mitigating evidence presented by Petitioner's counsel. (ECF No. 16 at 2.) However, the IJ was clear that he considered criminal history to the exclusion of all other factors under *Guerra*. Doing so was a deprivation of Petitioner's right to due process.

Additionally, the IJ's statements indicating that he had prejudged the case, determined his ruling in advance, and would not change his mind regardless of the evidence before him, compels the conclusion that the bond hearing was infected with fatal constitutional error. "A fair trial in a fair tribunal is a basic requirement of due process." *In re Murchison*, 349 U.S. 133, 136 (1955). "Fairness of course requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness." *Id.*

> [T]he Due Process Clause has been implemented by objective standards that do not require proof of actual bias. In defining these standards the [Supreme] Court has asked whether, 'under a realistic appraisal of psychological tendencies and human weakness,' [there is ']such a risk of actual bias or prejudgment that the practice must be forbidden if the guarantee of due process is to be adequately implemented,'" but, of course, "actual bias, if disclosed, no doubt would be grounds for appropriate relief.

*Caperton v. A.T. Massey Coal Co*., 556 U.S. 868, 883–84 (2009) (quoting *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)) (internal citations omitted).

The Court need look no further than the IJ's own statements for evidence of actual bias and prejudgment. The IJ made no secret of his intention to rule against Petitioner from the very beginning. Due process demands, at a minimum, a neutral decisionmaker who reserves final judgment until hearing from all parties before them.

The IJ's decision therefore "reflects clear legal error [and] is unsupported by sufficient evidence." *Quan*, 2021 WL 308610, at *4. Because this abuse of discretion amounts to a deprivation of Petitioner's right to due process at the bond hearing, the Court GRANTS Petitioner's motion to enforce judgment. Having found that the bond hearing was constitutionally inadequate for the reasons stated above, the Court need not consider Petitioner's additional arguments.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Petitioner's Motion to Enforce Judgment (ECF No. 24). Respondent is ORDERED to provide Petitioner with a third bond determination hearing, adhering to all constitutional requirements as interpreted by the Ninth Circuit and this Court. It is HEREBY ORDERED as follows:

1. Respondent is ENJOINED and RESTRAINED from continuing to detain Petitioner for more than **seven days** from the date of this Order without a bond hearing before a neutral fact-finder at which Respondent bears the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk. *See Perera v. Jennings*, No. 21-cv-04136-BLF, 2021 WL 2400981, at *6 (N.D. Cal. June 11, 2021) (explaining basis for burden). The fact-finder must also consider Petitioner's financial circumstances for bond and alternative conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017). At any such hearing, Petitioner shall be allowed to have counsel present. If Petitioner is not found to be a danger to society or flight risk, Respondent must immediately release Petitioner. Respondent may impose any restrictions or conditions determined to be necessary by the neutral fact-finder at the hearing;
2. Within **eight days** from the date of this Order, Respondent must file a notice of compliance with this Court's Order and, if a bond hearing was held, identify the outcome of the hearing;
3. If Petitioner is released, Respondent is further ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondent shows material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future. At any such hearing, Petitioner shall be allowed to have counsel present.

IT IS SO ORDERED.

DATED: July 21, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE