UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCO ANTONIO B.R.,[1]<br>Petitioner,<br>v.<br>WARDEN OF GOLDEN STATE ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-00810-TLN-CSK<br>A# 061-488-365<br>**ORDER** |

This matter is before the Court on Petitioner Marco B.R.'s Second Motion to Enforce Judgment. (ECF No. 28.) Respondent filed an opposition. (ECF No. 30.) For the reasons set forth below, the Court DENIES Petitioner's motion.

///

///

///

///

[1] As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only his first name and last initials, to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Court need not recite the full factual and procedural background herein, as it is set forth fully in the Court's April 22, 2026 and June 8, 2026 Orders. (ECF Nos. 16, 22.)

On July 22, 2026, the Court granted Petitioner's Motion to Enforce Judgment, finding that the bond hearing provided by Respondent did not comport with due process, and directed Respondent to hold "a bond hearing before a neutral fact-finder at which Respondent bears the burden to justify Petitioner's detention by clear and convincing evidence that Petitioner poses a danger to the community or a flight risk . . . ." and to "adher[e] to all constitutional requirements as interpreted by the Ninth Circuit and this Court." (ECF No. 26 at 6.) This hearing took place on July 27, 2026. (ECF No. 27.)

Petitioner filed the instant Second Motion to Enforce Judgment on August 18, 2026, arguing that the hearing once again did not comply with the Court's Order. (ECF No. 28.)

## II. STANDARD OF LAW

Federal courts have inherent authority to enforce their own orders, including those granting injunctive relief in habeas actions. *See Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. *California by & through Becerra v. Dep't of the Interior*, No. C 17-5948 SBA, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing *Heartland Hosp. v. Thompson*, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)). If petitioner has received all relief required by the court's prior judgment, the motion to enforce should be denied. *Heartland Hosp.*, 328 F. Supp. 2d at 11. But if petitioner demonstrates that respondent "has not complied with a judgment entered against it, even if the noncompliance was due to misinterpretation of the judgment," the motion shall be granted. *Id.* To prevail on a motion to enforce an injunction, "[t]he moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a 'specific and definite order of the court.'" *Kia Am., Inc. v. Rally Auto Grp., Inc.*, No. 8:22-CV-00109-JVS-JDE, 2022 WL 17185011, at *2 (C.D. Cal. Oct. 20, 2022) (quoting *FTC v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir.

1999)).

As constitutional challenges to immigration judge ("IJ") detention determinations present mixed questions of fact and law, the appropriate standard of review is "abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 783–84 (9th Cir. 2024). However, "due process claims and questions of law raised in immigration proceedings" are reviewed de novo. *See Singh v. Holder*, 638 F.3d 1196, 1202–03 (9th Cir. 2011). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the IJ "applied the correct legal standard." *Id.* (quoting *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014)). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan v. Barr*, No. 20-CV-08118-LB, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting *Hilario Pankim v. Barr*, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)).

## III. ANALYSIS

Petitioner argues the immigration court bond hearing was fundamentally unfair and did not comport with due process because: (1) the IJ did not hold the government to a clear and convincing evidence standard; (2) the IJ did not provide a reasoned decision; and (3) the IJ demonstrated bias. (ECF No. 28 at 13–23.) Respondent opposes the motion on the grounds that the government complied with the Court's Order and provided Petitioner with a bond hearing that satisfied the demands of due process.[2] (ECF No. 30.)

### A. Whether the IJ Applied the Correct Standard

Petitioner argues the IJ applied an inappropriate standard which did not comply with the

[2] Respondent also argues Petitioner's motion should be denied because he failed to exhaust his administrative remedies as to the IJ's bond determination. (ECF No. 30 at 2.) After consideration of the factors articulated in *Puga v. Chertoff*, the Court finds prudential exhaustion is not required here. 488 F.3d 812, 815 (9th Cir. 2007). The Court is reviewing the bond proceedings to determine whether Petitioner's constitutional rights or this Court's Order have been violated. An administrative record is not necessary here, nor will waiver encourage bypass of the administrative scheme. *See Gurpreet S. v. Warden Golden State Annex Det. Facility, et al.*, No. 1:26-CV-00437-TLN-JDP, 2026 WL 1678332, at *3 (E.D. Cal. June 10, 2026) (setting forth this Court's reasoning).

Court's Order mandating that the government bear the burden by clear and convincing evidence, and there was not sufficient evidence for the government to meet its burden. (ECF No. 28 at 14–19.) Respondent maintains that the IJ applied the correct standard, and that Petitioner's conviction for continuous sexual abuse of a child was sufficient to meet the government's burden of proof. (ECF No. 30 at 2–4.)

*i. Whether the IJ Held the Government to a Clear and Convincing Evidence Standard*

Petitioner argues "[t]he IJ's statements that she had 'discretion' to determine whether a detainee merits release from bond[] indicates that she disregarded the Court's instructions that the government — not Petitioner — must bear the burden of proof." (ECF No. 28 at 14 (quoting *Mathon v. Searls*, 623 F. Supp. 3d 203, 214 (W.D.N.Y. 2022)).) As Respondent correctly points out, however, "[Petitioner] reads the term discretion out of context and inserts it . . . in places where the IJ did not use the term." (ECF No. 30 at 3–4.) The IJ's written ruling states that she "concluded that the Department [of Homeland Security] met its burden to show by clear and convincing evidence that [Petitioner] presented both a danger and a flight risk" and reiterated several times that she had applied the clear and convincing evidence standard. (ECF No. 27-1 at 2, 4.) The IJ's oral ruling during the bond hearing stated: "At this point the Court is determining that the Department has shown by clear and convincing evidence that [Petitioner] is both a danger and a flight risk. I am denying bond on both those bases. I will issue a written decision in this matter." (ECF No. 31.)[3]

The IJ's references to "discretion" were in relation to her "discretion to not hear additional witness testimony" and the immigration court's authority under *Matter of Guerra*, 24 I&N Dec. 37, 39 (BIA 2006) to deny bond. (ECF No. 27-1 at 2.) While it is true that this Court's Order altered the burden of proof at the hearing, it did not prohibit the IJ from exercising discretion in weighing evidence. Indeed, in this Court's review of the bond hearing, it "may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision

[3] At the Court's request, Respondent lodged a copy of a Digital Audio Recording ("DAR") of the bond hearing. (ECF No. 31.)

"'reflects clear legal error or is unsupported by sufficient evidence.'" *Quan*, 2021 WL 308610, at *4. Thus, the Court concludes the IJ did apply the correct standard.

ii. *Whether the IJ's Decision Was Supported by Sufficient Evidence*

Petitioner further asserts that, in any event, the evidence before the IJ was not sufficient to demonstrate danger or flight risk by clear and convincing evidence. (ECF No. 28 at 14–19.) In opposition, Respondent maintains the IJ considered evidence related to the recency, extent, and seriousness of Petitioner's criminal record and properly considered Petitioner's evidence of rehabilitation. (ECF No. 30 at 2.)

The Court agrees with Respondent. In support of its argument that Petitioner is a danger to the community, DHS offered into evidence Petitioner's RAP sheet which showed that he had been convicted under California Penal Code § 288.5(a) for continuous sexual abuse of a child. (ECF No. 28-3 at 4–9.) Petitioner offered the following evidence in response:

> [C]ertificates demonstrating that Petitioner had been actively engaged with substance abuse treatment programming, and that he had acquired valuable work skills that would have made him an asset to the community upon release. He also provided a verified address where he would reside as well as a release plan which included stringent conditions of parole such as sex offender treatment and regular check-ins by his parole officer. Petitioner's ties to the community were strong, and Petitioner had no prior history of missing appearances in court.

(ECF No. 28 at 17.)

Nevertheless, it was not clearly erroneous for the IJ to conclude that Petitioner's conviction for continuous sexual abuse of a child established dangerousness by clear and convincing evidence. Conviction under California Penal Code § 288.5 necessarily incorporates a finding that the defendant "engage[d] in three or more acts of substantial sexual conduct" or "three or more acts of lewd or lascivious conduct with a child under the age of 14 years" with whom they resided or to whom they had "recurring access" over a period of at least three months. Cal. Penal Code § 288.5. Courts recognize that sexual offenses against children are among the most serious crimes prosecuted in the criminal justice system, and inflict severe harm on an especially vulnerable population. *See United States v. Baron-Medina*, 187 F.3d 1144, 1147 (9th Cir. 1999) ("The use of young children as objects of sexual gratification is corrupt, improper, and

contrary to good order [and] constitutes maltreatment, no matter its form.”).

Petitioner faults the IJ’s ruling for failing to address whether he poses a current risk of danger, relying solely on the fact of his conviction. (ECF No. 28 at 16). “[A] conviction could have occurred years ago, and the [noncitizen] could well have led an entirely law-abiding life since then. In such cases, denial of bond on the basis of criminal history alone may not be warranted.” *Singh*, 638 F.3d at 1206. However, the IJ’s ruling specifically addressed the recency of the criminal conduct, noting that it occurred in 2020, and stated that she had “considered evidence related to the recency, extent, and seriousness of [Petitioner]’s criminal record.” (ECF No. 27-1 at 2–3.)

Similarly, Petitioner argues the evidence before the IJ was not sufficient to sustain a finding, by clear and convincing evidence, that he is a flight risk. (ECF No. 28 at 18–19.) While Petitioner did submit evidence documenting his ties to the community, the IJ found the “speculative” nature of his potential for immigration-related relief outweighed it. (ECF No. 27-1 at 4.) The Court is not permitted to reweigh this evidence and is not convinced there was insufficient evidence as a matter of law to meet the government’s burden of proof.

Thus, the Court is satisfied the IJ appropriately considered the evidence before her and found the government had met its burden to demonstrate dangerousness and risk of flight.

B. Whether the IJ Provided a Reasoned Decision

Next, Petitioner claims the IJ failed to provide a reasoned decision because she ignored probative and “meaningful” evidence. (ECF No. 28 at 19–22.) Petitioner asserts that the IJ “was wholly dismissive of Petitioner’s rehabilitative efforts while incarcerated” and that she improperly refused to allow him to call witnesses. (*Id.* at 20–21.) Respondent argues that the IJ properly considered Petitioner’s evidence and found him to be a danger and a flight risk. (ECF No. 30 at 2–3.)

An IJ “abuses [their] discretion when [they] act[] arbitrarily, irrationally, or contrary to the law, and when [they] fail[] to provide a reasoned explanation for [their] actions.” *Tadevosyan v. Holder*, 743 F.3d 1250, 1252–53 (9th Cir. 2014) (citation and internal quotation marks omitted); *see Sagaydak v. Gonzales*, 405 F.3d 1035, 1040 (9th Cir. 2005) (citing *Yepes–Prado v. INS*, 10

F.3d 1363, 1370 (9th Cir. 1993) ("Immigration judges, although given significant discretion, cannot reach their decisions capriciously and must indicate how they weighed the factors involved and how they arrived at their conclusion.") (cleaned up); *Barnica-Lopez v. Garland*, 59 F.4th 520, 530 (1st Cir. 2023) (citing *Pan v. Gonzales*, 489 F.3d 80, 87 (1st Cir. 2007) (IJs must give "reasoned consideration to the evidence as a whole, [make] supportable findings, and adequately explain[ their] reasoning"). Where the IJ fails to mention potentially dispositive evidence, misstates the record, or engages in other behavior which raises an inference that they did not consider important information "a catchall phrase does not suffice, and the decision cannot stand." *Cole v. Holder*, 659 F.3d 762, 772 (9th Cir. 2011).

Here, to the contrary, the IJ's ruling extensively discussed the evidence Petitioner had submitted, and simply concluded that it was outweighed by the evidence DHS had submitted. (ECF No. 27-1 at 3–4.) Petitioner's assertions regarding the IJ's dismissal of his rehabilitative efforts are belied by the record. The IJ's written ruling discusses Petitioner's rehabilitative efforts at some length, but found that they were outweighed by the nature of the crime and undercut by Respondent's admission that he suffers from an "addiction" and "ha[s] more work to do." (*Id.* at 3.) It was not improper for the IJ to consider the fact that these steps towards rehabilitation were taken while Petitioner was incarcerated and unable to reoffend.

With respect to the IJ's statement that she would exercise her discretion not to hear from Petitioner's witnesses, the Court is not persuaded that doing so was a violation of Petitioner's due process rights. Petitioner's counsel offered to call those witnesses, who were the authors of some of the letters of support which Petitioner had entered into the record, in order to explain what they had written "if there [were] questions about the contents of their letters." (ECF No. 31.) However, Petitioner's counsel never called the witnesses, and thus the IJ did not prevent Petitioner from presenting evidence. Moreover, Petitioner does not explain what additional testimony they would have provided beyond what had already been submitted to the court. *See Circu v. Gonzales*, 450 F.3d 990, 994 (9th Cir. 2006) ("[E]stablishing a due process violation always requires a showing of prejudice. . . ."). Petitioner contends that "the IJ refused to consider letters submitted on Petitioner's behalf" but there is nothing in the record to suggest this is the

case. (ECF No. 28 at 22.) The IJ's written ruling notes that Petitioner "submitted letters of support from various friends, family, and community members" and analyzes them along with the other evidence Petitioner submitted into the record. (ECF No. 27-1 at 1, 3.)

Thus, the Court concludes the IJ provided a reasoned decision and did not improperly refuse to consider relevant evidence.

C. Whether the IJ Demonstrated Bias

Petitioner argues he was deprived of his due process right to a neutral tribunal as evidenced by the "IJ's refusal to consider Petitioner's evidence and testimony . . . in light of the objections that Petitioner raised to the reliability of the government's exhibits." (ECF No. 28 at 22.) Petitioner contends that "this case represents another instance of the institutional bias by the immigration court system under this Administration." (*Id.* at 23.) Respondent argues that the IJ did not selectively consider or ignore evidence, but instead appropriately applied the law to the facts and found Petitioner a flight risk and danger to the community. (ECF No. 30 at 4.)

It is axiomatic that "[f]airness . . . requires an absence of actual bias in the trial of cases." *In re Murchison*, 349 U.S. 133, 136 (1955). Actual bias on the part of a trial judge violates this basic requirement. *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 883–84 (2009).

However, there is no evidence that the IJ was biased against Petitioner. Petitioner points to the IJ's decision to admit his I-213 and RAP sheet over his counsel's objections. (ECF No. 28 at 23.) But an adverse ruling on an evidentiary matter is not evidence of bias. *Sheet Metal Workers Int'l Ass'n Loc. Union No. 420 v. Kinney Air Conditioning Co.*, 756 F.2d 742, 746 (9th Cir. 1985) ("Even repeated rulings against one party . . . will not establish bias absent some evidence of improper motivation."). Moreover, the IJ gave "less evidentiary weight to the portions of the Form I-213 relating to" those statements which Petitioner alleged to be incorrect or unsupported. (ECF No. 27-1 at 2.)

The Court therefore finds the IJ did not demonstrate bias against Petitioner.

For the reasons stated above, the IJ's decision denying bond was not an abuse of discretion and there is no legal basis for the Court to find that Respondent failed to comply with its Order.

## IV. CONCLUSION

For the foregoing reasons, the Court DENIES Petitioner's Second Motion to Enforce Judgment. (ECF No. 28.)

IT IS SO ORDERED.

Date: August 27, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE